DISTRICT OF OREGON
**F I L E D**
February 29, 2012
Clerk, U.S. Bankruptcy Court

Below is an Opinion of the Court.

*TRISH M. BROWN*
TRISH M. BROWN
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 11-38619-tmb7 |
| MARC GREGORY FOOTEN and<br>TINA MARIE FOOTEN,<br>                Debtor(s). | MEMORANDUM OPINION |

This matter came before the court on the Trustee's objection to the Debtors' Claimed Exemptions. The Trustee, Peter C. McKittrick (the "Trustee"), appeared pro se. The Debtors, Marc Gregory and Tina Marie Footen (the "Debtors"), were represented by Christy L. Dickson.

By agreement of the parties, the matter was submitted on briefs without testimony or oral argument.

In reaching my decision, I have carefully reviewed the motions, documents in support thereof and opposition thereto, the pleadings, and other submissions in the file. I also read applicable legal authorities, both as cited to me and as located through my own research. I read counsels' submissions in detail. The following findings of fact and legal conclusions constitute the court's findings under Federal Rule of Civil Procedure ("FRCP") 52(a), applicable in this proceeding under FRBP 7052. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

/ / /

/ / /

Page 1 - MEMORANDUM OPINION

# FACTS

The facts in the case are undisputed. Debtors filed a joint Chapter 7 petition in Oregon on October 5, 2011. Debtors resided in the state of Idaho from 2006 until October 2010. They moved to Oregon in October 2010 and have lived in Oregon continuously since that time. In their bankruptcy filing, Debtors claimed federal exemptions provided by § 522(d) of the Bankruptcy Code.[1] The Trustee objects, contending that the Debtors must use the exemptions provided under Oregon law.

# LEGAL ANALYSIS

Section 541 of the Code provides that the commencement of a case under title 11 creates an estate comprised, with certain exceptions not applicable here, of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 522(b) allows a debtor to exempt certain property from the estate. The property subject to exemption may be that specified under applicable state law or "property that is specified under subsection (d), unless the State law that is applicable to the debtor . . . specifically does not so authorize." 11 U.S.C. § 522(b)(2). Thus, under section 522(b)(2), a state may "opt out" of the federal exemptions, leaving only state exemptions available to its residents.

Section 522(b)(3)(A) defines "applicable law" as law that "is applicable on the date of the filing of the petition to the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place." 11 U.S.C. § 522(b)(3)(A).

> "Accordingly, under § 522(b)(3)(A), the 'test for determining which state's exemption laws apply depends on whether the debtor has lived in the state where the bankruptcy petition is filed for at least 730 days preceding the filing.' 'If so, debtor's exemptions are evaluated under either the federal exemption laws or the exemption laws of the filing state, depending on whether that state is an "opt-out" state.' However, if the debtor has been domiciled in

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as Civil Rules.

Page 2 - MEMORANDUM OPINION

more than one state during the 730 days immediately preceding the bankruptcy filing, 'the court is required to *look back* to the 180-day period immediately preceding the 730-day period.' The debtor's domicile for exemption purposes is the state where the 'debtor lived the longest during that 180-day "look back" period.'" In re Garrett, 435 B.R. 434,438 (Bankr. W.D.Tex. 2010) (citations omitted. Emphasis in original)

The un-numbered concluding paragraph of Section 522(b)(3) provides: "[i]f the effect of the domiciliary requirement under subparagraph (A) is to render the debtor ineligible for any exemption, the debtor may elect to exempt property that is specified under subsection (d)," in other words, the exemptions provided under federal law.

Debtors' domicile is located in Oregon. However, it was not located in Oregon for 730 days prior to October 5, 2011. Consequently, the court must "look back" to the law of the state where the Debtors were domiciled for the 180 days preceding their 730-day period to determine the exemptions to which the Debtors are eligible. Debtors were domiciled in Idaho for the entire 180-day look back period. Therefore, under §522(b)(3)(A) the Debtors are entitled to claim the exemptions provided under Idaho law.

Idaho has opted out of the exemptions provided under § 522(d) of the Bankruptcy Code. See Idaho Code Ann.§ 11-609 ("In any federal bankruptcy proceeding, an individual may exempt from property of the estate only such property as is specified under the laws of this state.") However, under Idaho law, only "residents of this state are entitled to the exemptions provided by this act." Idaho Code Ann.§ 11-602(1). Non-residents are directed to use the exemptions provided by the jurisdiction of their residence. Id.

Debtors argue that the effect of these provisions is to render them ineligible for any exemptions, entitling them to invoke the protection of the concluding paragraph of § 522(b)(3) and claim the exemptions available in § 522(d). The Trustee disagrees. He contends that under Idaho law, the Debtors are entitled to claim the exemptions provided by their state of residency, Oregon, and they are not entitled to invoke the concluding paragraph of § 522(b)(3). The Trustee further contends that since Oregon, like Idaho, has opted out of the federal exemption scheme, the Debtors are restricted to using the exemptions available under Oregon State law.

The preliminary issue is whether § 522(b)(3)(A) preempts the Idaho law limiting its exemptions to its residents. If not, then the court must determine whether the requirement that non-residents use the

Page 3 - MEMORANDUM OPINION

exemptions provided by their jurisdiction of residence is enforceable in a bankruptcy case.

A number of states restrict their exemptions to their residents and there is a plethora of cases addressing the effect of those restrictions in bankruptcy cases. The majority view is that "a state's exemption laws may be used by out-of-state debtors for out-of-state property to the extent that each state's exemption law permits." In re Fernandez, 2011 WL 3423373, at 11 (Bankr. W.D.Tex. 2011). "[I]t appears that this is not merely the majority position, but the majority position by a considerable margin."). Id. (noting that 36 of the 40 bankruptcy court or district court cases the court found addressing the issue "looked to state law to decide the question.") Id.

This is also the position taken by the Ninth Circuit. In In re Arrol, 170 F.3d 934 (9th Cir. 1999), the court rejected the trustee's argument that § 522(b)(2)(A) (the residency exemption statute in effect prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005) invoked "California substantive law generally, thereby requiring [the court] to look to California's conflict of law principles to determine whether to apply California or Michigan's homestead exemption law." Id. at 935. Rather, the court held that the debtor was "entitled to claim California's exemptions. This is so because federal bankruptcy law has prescribed the applicable exemptions in this case, the exemptions provided by California. This is a federal choice of law in which the choice has been made. That choice is the applicable state exemption law . . . ." Id. at 936. Accordingly, in light of Arrol, it is clear that Idaho law limiting its exemptions to its residents is not preempted by § 522(b)(3)(A). However, that does not answer the question of whether Idaho's requirement that non-residents use the exemptions provided by their jurisdiction of residence is enforceable in a bankruptcy case.

Idaho is not alone in directing that non-residents must use the exemption laws applicable in their state of residence. Wisconsin has a similar requirement. Unfortunately, neither party cited any case directly discussing the effect of these provisions in bankruptcy cases. Nor was I able to find any such case. However, the Idaho and Wisconsin statutes have been discussed in the context of determining whether § 522(b)(3)(A) preempts state law.

In In re Camp, 396 B.R. 194 (Bankr. W.D.Tex. 2008), the court rejected the trustee's contention that

Page 4 - MEMORANDUM OPINION

a debtor who had moved to Texas from Florida during the 730-day period preceding his bankruptcy filing was prohibited, by Florida statute, from using exemptions provided under § 522(d) of the Bankruptcy Code. Florida exemptions statutes are not limited to residents of the state and there was no dispute that the debtor was entitled to use the state exemptions. The dispute arose over the application of Florida's op-out exemption which provides that ""residents of this state shall not be entitled to the federal exemptions . . . ." Fla. Stat. Ann. § 222-20. Debtor contended that because this statute addressed only the use of federal exemptions by "residents of this state" it did not apply to debtor who did not reside in the state at the time of the bankruptcy filing. The trustee disagreed, arguing that under § 522(b)(3)(A) all of Florida's exemption laws, including its op-out provision, were applicable to the debtor. The court agreed that under § 522(b)(3)(A) a debtor was required to use the substantive exemption laws of the state in which he was domiciled during the look back period. However, it concluded that "residency restrictions in a state's exemption laws, including residency restrictions applicable to its opt-out statute, are equivalent to choice of law provisions - they address the question of what state's laws should determine the exemptions of a debtor who has moved from one state to another." Id. at 197 (citations omitted). As such, the Camp court concluded that the residency restriction in Florida's opt-out statute conflicted with the choice of law provision contained in § 522(b)(3)(A) and was, therefore, preempted. As part of its analysis, the Camp court noted:

> "[I]nterpreting § 522(b)(3)(A) to import state exemption laws wholesale, including limitations based on residency or location of property can lead to some absurd results. For instance, if a debtor has moved from Idaho within 730 days before filing bankruptcy, § 522(b)(3)(A) clearly says Idaho exemption laws apply . . . . The exemption statutes of Idaho include a provision that '[r]esidents of this state are entitled to the exemptions provided by this act [and n]onresidents are entitled to the exemptions provided by the law of the jurisdiction of their residence. I.C. § 11-602 (2008). According to the plain language of that choice of law provision, Idaho law does *not* apply. Instead, the law of the state of the debtor's *current* residence applies—a result clearly contrary to Congress's intent in enacting § 522(b)(3)(A)." Id. at 200.

The court in In re Garrett, 435 B.R. 434 (Bankr. W.D.Tex. 2010), agreed with the Camp court's conclusion that residency restrictions in state exemption laws are choice of law provisions preempted by the choice of law provision contained in § 522(b)(3)(A). In Garrett, the issue was whether § 522(b)(3)

Page 5 - MEMORANDUM OPINION

preempted a state law limiting use of its exemptions to residents of the state.  The Garrett court stated that it was "persuaded in favor of preemption by § 522(b)(3)(A)'s legislative history and underlying policy, as well as related Supreme Court precedent."  435 B.R. at 441.

The Garrett court acknowledged that "[w]hen interpreting the meaning of a statute, courts must first examine the statutory text [and w]here language of statute is clear, and construction according to its terms does not lead to absurd or impracticable consequences, words employed are to be taken as final expression of the meaning intended."  Id. at 441.  The court stated that "[t]he meaning of § 522(b)(3)(A), construed in isolation, appears clear."  Id. at 442.  However, it found that "there is one major ambiguity within § 522(b)(3): § 522(b)(3)(A) fails to explicitly address whether it preempts state residency and domiciliary restrictions."  Id.

The Garrett court noted that "the legislative history of BAPCPA is far from extensive."  Id. at 446.  Nonetheless, it found, based on that history and the congressional intent and policy underlying § 522(b), that Congress intended to preempt state law residency restriction on exemption rights.  In addition, the Garrett court, like the Camp court, noted that the majority view, when applied to states like Idaho and Wisconsin which direct non-residents to use the exemption laws of their state of residence, "can produce results that are demonstrably at odds with Congressional policy behind § 522(b)(3)(A)" (i.e. to prevent debtors from moving, pre-bankruptcy, to take advantage of another state's exemption laws.).  Id. at 450.

The Garrett court acknowledged that proponents of the majority view would argue that treating § 522(b)(3)(A) as preempting state residency restrictions on exemptions would render superfluous the concluding paragraph of that section, allowing federal exemptions to debtors who would otherwise be unable to claim any exemptions.  In rejecting this argument, the Garrett court noted that this paragraph would still apply to debtors who resided outside the country during the 180-day look back period as well as non-citizens who immigrated to the United States legally during the 730-day period prior to the bankruptcy filing.  Accordingly, it found that "the concluding paragraph is a provision of last resort that protects debtors who, without the concluding paragraph, could be caught in the cracks of the bankruptcy system and left devoid of exemption rights."  Id. at 451.

Page 6 - MEMORANDUM OPINION

Both Camp and Garrett support the minority view that § 522(b)(3)(A) preempts state residency restrictions on exemptions. However, at least one court that follows the majority rule takes issue with the application of the provisions of Idaho and Wisconsin law that direct that non-residents must use the exemptions in effect in the jurisdiction in which they reside at the time of filing.

In In re Fernandez, 2011 WL 3423373 (Bankr. W.D.Tex. 2011), the court overruled a bankruptcy court ruling that held that a state's exemption laws could never be applied extra-territorially. The Fernandez court adopted the majority rule, which it described as the "state-specific interpretation" under which "if the state's exemption statutes or decisional authority interpreting them do not explicitly limit the use of the exemptions to in-state residents or to in-state property, then the bankruptcy court should apply the state's exemption laws to the debtor's property, wherever located." Id. at 11.

The Fernandez court noted that the rationale employed by those courts adhering to the majority view, varied, but that:

> "[T]he most common approach is patterned after Arrol, the seminal Ninth Circuit case that first adopted this view and Drenttel, the Eight Circuit opinion that followed Arrol. Courts taking this approach begin with the proposition that § 522 is itself a choice of law statute, so that it is unnecessary and duplicative to look to state choice of law rules when deciding what state's exemptions to apply. Following this, the courts then examine the state's exemption law, since that is the law the federal choice of law rule has selected." Id. at 11 (citations omitted).

With respect to the concern raised in Camp and Garrett regarding absurd results that were possible from "import[ing] state exemption laws wholesale" the Fernandez court noted:

> "[T]his argument is disposed of by the state-specific view's approach of disregarding state's choice of law rules when looking at state exemption law. Since the kind of exemption law in force in Idaho and Wisconsin is in effect a state choice of law rule, as opposed to a requirement that applies only to the availability of that state's exemption laws, bankruptcy courts should disregard this type of provision in state statutes when examining state exemption law." Id. at 13 (citations omitted).

I agree. The Arrol court made it clear that "[t]he plain language of [the federal exemption statute] points us to the state's exemption laws, not to its conflict of laws rules." Id. at 935. That portion of Idaho's exemption statute which directs non-residents to use the exemptions provided by the jurisdiction of their place of residence is a choice of law rule. It is preempted by § 522(b)(3)(A) and is not applicable in a

Page 7 - MEMORANDUM OPINION

bankruptcy case. I must, therefore, disregard that provision in determining what exemptions are open to the Debtors.

As noted, Debtors, as non-residents of Idaho, are prohibited from claiming the exemptions provided under Idaho law. Because Idaho has opted out of the federal exemptions, Debtors may not claim those exemptions under Idaho law. Thus, the effect of the domiciliary requirement of subparagraph (A) of section 522(b)(3) is to render the debtors ineligible for any exemption. Accordingly, under the concluding paragraph of § 522(b)(3)(A), Debtors are entitled to elect to exempt property that is specified in subsection (d) of section 522. I will, therefore, overrule the Trustee's objection to the Debtors' claimed exemptions.

Ms. Dickson should prepare an order consistent with this ruling within 10 days.

###

cc: Christy L. Dickson
Peter C. McKittrick

Page 8 - MEMORANDUM OPINION